■ In the Matter of the BOARD OF EDUCATION OF WEST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Respondents, v WEST IRONDEQUOIT TEACHERS ASSOCIATION, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Respondent-appellant, West Irondequoit Teachers Association (Association), appeals from an order at Special Term which granted petitioner-respondent's, Board of Education of West Irondequoit Central School District (Board), application for a stay of arbitration pursuant to the provisions of CPLR 7503 (subd [b]). The Association is the duly recognized collective bargaining agent for all teaching personnel employed in the West Irondequoit Central School District. The Association and the Board entered into a collective bargaining agreement effective from July 1, 1973 to June 30, 1975. Article XIV of the agreement contains a grievance procedure which culminates in the submission of the grievance to arbitration. Article XV of the agreement (implementation of agreement) provides in part: "B. EFFECT ON FUTURE CHANGES Before the Board adopts a change in policy which affects the terms and conditions of employment of unit members, the Board will notify the Association in writing that it is considering such a change. The Association will have the right to negotiate such items with the Board provided it files such a request with the Board within five working days after receipt of said notice". On September 18, 1974 the Association filed a grievance with the superintendent of schools, alleging a violation of section B of article XV "by the unilateral changes of terms and conditions of employment of unit members brought about by Board Policy #T5161 and its supplement, #T5161S". The superintendent denied the grievance and the Association appealed to the arbitration level of the grievance procedure. The Board then commenced a proceeding seeking to stay the arbitration. Special Term ordered that all proceedings be stayed and the notice of intention to arbitrate vacated. The Association appeals, contending that since it has alleged a violation of the collective bargaining agreement, the arbitrator, rather than Special Term, was empowered to determine the merits of the dispute along with any procedural objections raised by the Board and to fashion an appropriate remedy for any contractual violation found. We agree with these contentions and find that Special Term incorrectly granted the Board's application for a stay of arbitration. The dispute centers around an administrative regulation, implementing a procedure to be followed by school personnel whenever the principal of the school building is absent. In case of an incident the regulation requires the school guidance counselor to assume the responsibility of notifying the proper law enforcement agencies. The Board contends that this regulation was adopted in response to a request by the District Attorney's office and set forth a procedure which had been in existence for many years in the West Irondequoit School District. Section 5.3 of article XIV of the collective bargaining agreement clearly shows that the parties agreed to submit unresolved grievances to arbitration. A grievance was defined in the agreement as an alleged violation of the application of terms or provisions of the agreement or a claim based upon an event which affects the condition of

employment of unit members allegedly caused by misinterpretation or inequitable application of established policy (art XIV, § 2.1). Such section specifically excluded only the evaluation of teaching, including those instances where determination of salary is subject to such evaluation. It is not within the court's province to review the merits of an arbitration dispute upon an application brought pursuant to CPLR article 75 *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268, 276; *Eberwein v Board of Educ.,* 43 AD2d 901). The public policy of this State is to encourage voluntary resolution of labor disputes involving public employees (Civil Service Law, § 200). Disputes arising under collective bargaining agreements which contain an arbitration clause are presumptively arbitrable absent clear exclusionary language. This policy applies equally to procedural and substantive matters arising under the collective bargaining agreement. The initial question as to whether an issue is arbitrable should be determined in the first instance by the arbitrator. The only instances in which an application to stay arbitration should be granted are: (1) where there is no valid agreement to arbitrate or where the agreement unmistakably excludes the subject; (2) where the agreement to arbitrate has not been complied with; (3) where the claim sought to be arbitrated is barred by a time limitation; and (4) where an identifiable public policy prohibits arbitration of the issue (CPLR art 75; *Matter of Acting Superintendent, Schools of Liverpool Cent. School Dist. v United Liverpool Faculty Assn.,* 53 AD2d 239, mot for lv to app den 40 NY2d 804; *Belmont Cent. School Dist. v Belmont Teachers' Assn.,* 51 AD2d 653, 654; *Matter of Board of Educ. [Auburn Teachers Assn.],* 49 AD2d 35, 38, mot for lv to app den 38 NY2d 740). The Association alleged a violation of section B of article XV of the agreement by unilateral changes of terms and conditions of employment of unit members brought about by Board Policy No. T5161 and its supplement, No. T5161S. The agreement contains an arbitration clause and none of the enumerated instances are present here which would bar the grievance from being submitted to arbitration. The record is incomplete as to whether or not the Association demanded negotiation pursuant to section B of article XV and that question must be decided by the arbitrator. Section B of article XV requires negotiation prior to initiation of the policy. Even so, however, the Association by entering into subsequent negotiations with the Board is not foreclosed from submitting the grievance to arbitration pursuant to the contract *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599). (Appeal from order of Monroe Supreme Court—stay of arbitration.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.