■ In the Matter of ALDEN CENTRAL SCHOOL DISTRICT, Respondent, v JOANNE WATSON, Appellant.—Order unanimously reversed, with costs, and motion denied. Memorandum: Respondent is a member of the Alden Teachers Association and is thus covered by a collective bargaining agreement (agreement) between the association and petitioner for the year 1974–1975. On November 8, 1974 respondent filed a grievance in which she alleged that she was not placed on the proper step in the placement of professional personnel as of July 1, 1974, in violation of article 20 of the agreement. The grievance seeks payment of salary for all prior improper placement retroactive to September 1, 1971, and retroactive placement on Step 6 under the 1974–1975 agreement. The grievance was processed and denied through the third step of the grievance procedure and, in accordance with the agreement, the association filed a demand for arbitration on December 19, 1974. Respondent appeals from an order of Special Term which granted petitioner's application for a stay of arbitration pursuant to CPLR 7503 (subd [b]). Special Term found that the grievance arose in September, 1971 and is therefore not covered by the 1974–1975 agreement. The court further held that respondent's allegations do not fall within the definition of a grievance as set forth in the agreement. Respondent contends, *inter alia,* that having been improperly placed in a lower step in 1971, her elevation in steps each year thereafter, based upon her initial improper placement, constitutes a "continuing grievance". She argues that she should have been placed on Step 6 rather than Step 5 as of July 1, 1974. Section 3.0 of article 3 of the agreement defines a grievance as follows: "A grievance is a claim by an employee that there has been a violation, misinterpretation, or inequitable application of any provision of this agreement." Section 20.2 of article 20 requires that "All professional personnel shall be placed on proper step in the new schedule as of July 1, 1974." The public policy of this State is to encourage voluntary resolution of labor disputes involving public employees (Civil Service Law, § 200). Where, as here, a collective bargaining agreement contains a broad arbitration clause, disputes arising thereunder are pre-

sumptively arbitrable · absent clear exclusionary language (Steelworkers v American Mfg. Co., 363 US 564; Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380). A stay of arbitration should only be granted in those cases which meet the requirements of CPLR article 75 (Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 53 AD2d 239, mot for lv to app den 40 NY2d 804; Matter of Board of Educ. v West Irondequoit Teachers Assn., 55 AD2d 1037). Petitioner asserts, inter alia, that respondent unduly delayed the filing of a grievance in this matter even though petitioner had urged her to do so in September, 1973. While the defense of laches may well be relevant with respect to respondent's claim for back pay, the Commissioner of Education has ruled that where a teacher has not been placed on the appropriate salary step "each new pay check starts a new cause of action in relation to the proper placement on the schedule" (Matter of Winer, 2 Ed Dept Rep 248, 250; see, also, Matter of Trivelli, 2 Ed Dept Rep 407). Thus respondent's claim that hers is a "continuing grievance" is properly a subject to be resolved by the arbitrator. In view of respondent's failure to pursue a grievance of this matter for more than three years, despite the opportunity to have done so under prior collective bargaining agreements, should the arbitrator find merit in that aspect of the grievance regarding step placement, he may properly consider the defense of laches as to respondent's claim for retroactive salary. (Appeal from order of Erie Supreme Court—stay arbitration.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.