OPINION OF THE COURT
Gabrielli, J.
 As part of its collective bargaining agreement with the teachers’ association, the school district agreed to submit to arbitration all grievances involving "an alleged misinterpretation or misapplication of an express provision of [the] Agreement”. Inasmuch as the grievance of the probationary teacher in this case was based upon a claimed violation of the disciplinary provisions of the contract, it was clearly arbitrable within the meaning of the parties’ unambiguous agreement to arbitrate (see Mineola Union Free School Dist. v Mineola Teachers Assn., 46 NY2d 568, 572; Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513-514).[1] It begs the question to contend, as the school district does, that the grievance is not arbitrable because it involves a dispute that is not unambiguously encompassed by an express substantive provision of the contract. The question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter for resolution by the arbitrator (Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669; Matter of Board of Educ. v Roosevelt Teachers Assn., 47 NY2d 748).
The decision of this court in Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.] (supra) does not suggest a contrary conclusion. In Liverpool, we held that arbitration should be stayed in cases where the parties’ arbitration agreement does not unambiguously extend to the particular dispute. There is nothing in our opinion in Liverpool, however, which permits a court to stay arbitration where, as here, the parties’ agreement to *315 arbitrate the dispute is clear and unequivocal but there is some ambiguity as to the coverage of the applicable substantive provision of the contract (Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., supra, at p 671).
Nor may the purported limitations upon the power of the arbitrator which are contained in the parties’ arbitration clause serve as a basis for staying arbitration in this case. Although the contract does prohibit the arbitrator from taking certain actions such as varying the terms of the agreement or usurping the discretionary functions of the school district administrators,[2] these restrictions do not indicate an intention by the parties to circumscribe the otherwise broad contractual definition of arbitrable grievances.[3] Rather, the restrictive language relied upon by the school district was intended only as a set of instructions to the arbitrator to guide him as to the types of remedies he is permitted to formulate once he has interpreted and applied the substantive provisions of the agreement. Since it cannot be assumed in advance of arbitration that the arbitrator will exceed his powers as delimited in the agreement, the restrictive language in the arbitration clause cannot be cited as a ground for staying arbitration (cf. Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the application for a stay of arbitration should be denied.
*316 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. Submission of the dispute to arbitration did not conflict with any public policies regarding the termination of probationary teachers (Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774; cf. Matter of Candor Cent. School Dist. [Candor Teachers Assn.], 42 NY2d 266; see Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 512-513, supra).

. The arbitration clause provides as follows:
"The arbitrator shall limit his decision strictly to the interpretation or application of the express provision of this agreement submitted to him and he shall be without power or authority to make any decision:
"(1) contrary to, or inconsistent with, or modifying or varying in any way, the terms of this agreement, or of applicable law, or rules or regulations having the force and effect of law;
"(2) involving Board discretion or Board policy under the provisions of this agreement, under Board rules or regulations, under regulations having the force and effect of law, or under applicable law;
"(3) limiting or interfering in any way with the powers, duties and responsibilities of the Board or the Superintendent of Schools under the Board’s rules or regulations, applicable law, and rules and regulations having the force and effect of law.”

. The restrictive language contained in the arbitration clause in this case is to be distinguished from that contained in the arbitration clause in Matter of South Colonie Cent. School Dist. (South Colonie Teachers Assn.) (46 NY2d 521), since the restrictions in South Colonie were expressly incorporated into the definition of arbitrable grievances.