■ In the Matter of DEPEW UNION FREE SCHOOL DISTRICT, Respondent, v DEPEW TEACHERS ORGANIZATION, INC., et al., Appellants.—Order unanimously reversed, with costs, motion denied and arbitrator's award reinstated. Memorandum: Respondents Ritter and Okal are teachers in the Depew Middle School who received a directive from the vice-principal limiting the time that their students spend in "independent study" (student doing research work, etc., on his own). Respondents then commenced arbitration, and the arbitrator directed the petitioner district to rescind the directive. Special Term granted petitioner's application to vacate the award. The collective bargaining agreement provides for the arbitration of grievances. Article 34 (§ 2, subd 2.1) defines a grievance as follows: "A GRIEVANCE is an alleged violation, misinterpretation, misapplication, or inequitable applications of law, this agreement, or rules and regulations governing the terms of employment of teachers." Section 1 of article 3 of the agreement provides: "Any change in policy which pertains to any terms and conditions of employment for teachers whether or not contained in this agreement will be discussed and negotiated with the DTO." The arbitrator, finding that there had been no discussion between the school district and the teachers organization, and that the directive pertained to terms and conditions of employment, ruled that section 1 of article 3 had been violated. It was the function of the arbitrator to determine the meaning of section 1 of article 3 *(Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669), and because of the broad definition of grievance, the matter was arbitrable *(Board of Educ. v Barni,* 49 NY2d 311). Since the remedy fashioned by the arbitrator does no more than require that the parties to the agreement "discuss and negotiate" before implementing any change, the remedy was not in excess of the arbitrator's power *(Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., supra; Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411). (Appeal from order of Erie Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ. [98 Misc 2d 85.]