■ BOARD OF EDUCATION OF RUSHFORD CENTRAL SCHOOL, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: The collective bargaining agreement between the parties provides for a four-step procedure for the resolution of grievances, the last step of which is binding arbitration. A grievance is defined as "any claimed violation, misinterpretation or inequitable application of this Contract." Petitioner moved to stay arbitration of a grievance filed on behalf of one Michael Fox, who claimed that he had been "passed over for a full-time custodial position" in violation of article 16 of the agreement which provides, *inter alia:* "In the event of two or more employees applying for a vacancy, that employee with the most seniority shall be granted the position if qualified." Although respondent appeared by counsel on the return date of the application, it did not file an answer (CPLR 402). Nevertheless, Special Term properly refused to stay arbitration. While the petition presents facts which may result in issues to be resolved in arbitration, it fails to demonstrate, as required by statute, that "a valid agreement [to arbitrate] was not made or has not been complied with" (CPLR 7503, subd [b]). The arbitration clause is unambiguous and encompasses the grievance at issue *(Board of Educ. v Barni,* 49 NY2d 311). The arbitrator will interpret the agreement *(Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.,* 48 NY2d 669; *Matter of Depew Union Free School Dist. v Depew Teachers Organization,* 77 AD2d 798) and although the school board claims that the facts will not support a violation of substantive provisions of the contract,

that claim "is irrelevant on the threshold question of arbitrability" *(Matter of Board of Educ. v Deer Park Teachers Assn.,* 50 NY2d 1011, 1012). We will not presume in advance of arbitration that the arbitrator will exceed his powers (see *Board of Educ. v Barni, supra,* p 315; cf. *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578) or fashion a remedy which will violate public policy (see *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 746). In denying the application for a stay, however, Special Term made findings of fact upon which it framed the issue to be submitted to the arbitrator. It was improper for the court thus to encroach upon the arbitrator's function. (Appeal from order of Cattaraugus Supreme Court — arbitration.) Present — Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.