■ In the Matter of the Arbitration between SALMON RIVER CENTRAL SCHOOL DISTRICT, Respondent, and SALMON RIVER TEACHERS ASSOCIATION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term, entered June 17, 1980 in Franklin County, which granted an application by petitioner to stay arbitration. Petitioner Salmon River Central School District (District) hired Robert La France in 1976 as its "Project Coordinator for Title VII". La France was notified by the District on September 24, 1979 that he would not be recommended for tenure and that his employment would be terminated as of November 28, 1979. He in turn initiated grievance proceedings charging violations of the evaluation procedures contained in the bargaining agreement entered into between the District and respondent Salmon River Teachers Association. When that grievance, which the teachers association undertook to press, was denied, it demanded arbitration. Claiming La France's duties were solely administrative and that he was covered by a separate agreement existing between the District and the Salmon River Central School Administrators and Supervisors Association, and not by its bargaining agreement with the teachers

association, the District moved for and obtained a stay of arbitration. This appeal ensued. Inasmuch as disputes involving employee evaluation procedures which precede denial of tenure are arbitrable when provided by agreement *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774), the principal question raised is whether the teachers association and the District agreed to arbitrate this particular dispute. Their bargaining agreement defines a "grievance" as a claim by any teacher or group of teachers, represented by the teachers association, that the board of education's representative, here the District, failed to fulfill or violated any provision of the agreement. One of those provisions ensures that certain preliminary steps will be followed before tenure is denied. Since any perversion of that procedure could adversely affect members of the teachers association, the latter has standing to seek arbitration *(Matter of South Colonie Cent. School Dist. v Longo,* 43 NY2d 136). Furthermore, there is some ambiguity as to whether La France is part of respondent's bargaining unit. That is a matter of contract interpretation and for the arbitrator to resolve (see *Board of Educ. v Barni,* 49 NY2d 311). Since we also find unpersuasive the District's claim that the arbitration demand is insufficient because it merely enumerates by title and section the contract provisions in dispute *(Matter of Oneonta City School Dist. [Oneonta Teachers Assn.],* 71 AD2d 705), we reverse and dismiss the petition. Judgment reversed, on the law, with costs, and petition dismissed. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.