OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs.
At the outset we note that sections 2585 and 2588 of the Education Law which contain provisions setting forth substantive rules regarding layoffs and recall, do not manifest such a strong public policy that disputes as to those matters are precluded from submission to arbitration (cf. Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 419 [Breitel, Ch. J., concurring] ). Additionally, the dispute which the grievant sought to have submitted to arbitration involved his right to be rehired on the basis of his seniority and we find no *783 merit in the board’s contention that this matter was intended to be excluded from the scope of arbitrable grievances under the collective bargaining agreement merely because statutory provisions address basic rules regarding rehiring practices (Education Law, §§2585, 2588). Although the agreement states that a grievance does not include matters for which “a method for review is prescribed by law”, it is clear that the statutes cited did not mandate a particular method of review and do not preclude submission to arbitration of issues regarding specific rehiring practices within the broad statutory rules (Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.], 46 NY2d 521).
It would seem apparent that questions arising with respect to “recall” which in turn depend upon seniority rating lists prepared by the chancellor, would be arbitrable within the broad concept of the agreement of the parties, which defines a grievance as follows: “A ‘grievance’ shall mean a complaint by an employee in the bargaining unit (1) that there has been as to him a violation, misinterpretation or inequitable application of any of the provisions of this agreement or (2) that he has been treated unfairly or inequitably by reason of any act or condition which is contrary to established policy or practice governing or affecting employees”.
Although we noted in Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.) (42 NY2d 509, 512) that the choice of the arbitration forum should be “express” and “unequivocal” we did not mean to suggest that hairsplitting analysis should be used to discourage or delay demands for arbitration in public sector contracts (see, e.g., Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23; Board of Educ. v New Paltz United Teachers, 44 NY2d 890; Matter of Port Jefferson Sta, Teachers Assn. v Brookhaven Comsewogue Union Free School Dist., 45 NY2d 898; Matter of Board of Educ. v United Federation of Teachers, 46 NY2d 1018; Matter of Board of Educ. v Roosevelt Teachers Assn., 47 NY2d 748; Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669; Board *784 of Educ. v Patchogue-Medford Congress of Teachers, 48 NY2d 812; Matter of Board of Educ. [Hess], 49 NY2d 145; Board of Educ. v Barni, 49 NY2d 311).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and the judgment of Supreme Court, Kings County, reinstated in a memorandum.