■ WAPPINGERS CENTRAL SCHOOL DISTRICT, Appellant, v WAPPINGERS CONGRESS OF TEACHERS, Respondent. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Quinn, J.), dated October 2, 1980, which denied the application. Judgment affirmed with $50 costs and disbursements. The bargaining agreement between the parties provides that "[t]he duties and responsibilities of the teacher in charge will be developed by mutual agreement and made a part of the by-laws of the School District." The agreement further provides that a grievance is an alleged violation, misinterpretation or inequitable application of any provision of the contract. The grievances in issue arise from a decision of the petitioner to institute teachers in charge in a school, and to alter their job duties. The petitioner is charged by statute with the nondelegable duty to establish academic departments and to superintend and control the duties of teachers (see Education Law, § 1709, subds 13, 16, 33). It is at least a matter of doubt whether an agreement by the petitioner to share that responsibility with the respondent is enforceable under the strictures of public policy. Though a school board may agree to present to an advisory committee appointed under a bargaining contract a matter under the school board's exclusive control by statute (see, e.g., *Matter of Port Washington Union Free School Dist. v Port*

*Washington Teachers Assn.,* 45 NY2d 411), the provision under scrutiny goes beyond the advisory stage and requires mutual agreement and the amendment of the petitioner's by-laws (cf. *Matter of Depew Union Free School Dist. v Depew Teachers Organization,* 77 AD2d 798). However, the arbitration is broad and encompasses the grievances. The arbitrator may reach a determination which does not violate the petitioner's duties, and we should not anticipate that a determination contrary to the petitioner's statutory responsibility will be made (see *Board of Educ. v Barni,* 49 NY2d 311, 315). Arbitration should accordingly proceed. Mollen, P.J., Hopkins, Titone and Weinstein, JJ., concur.