■ BOARD OF EDUCATION OF PORTVILLE CENTRAL SCHOOL, Appellant, v PORT-VILLE FACULTY ASSOCIATION, Respondent. — Order unanimously affirmed, with costs. Memorandum: The central issue on appeal is whether public policy is violated by having an arbitrator, as opposed to a court, decide whether petitioner has created a separate tenure area for the position of guidance counselor. Respondent concedes that layoff procedures must conform to subdivision 2 of section 2510 of the Education Law despite any contract provisions to the contrary (see *Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732). Nevertheless, respondent asserts that it is a question of fact whether the area of guidance counselor was created as a separate area, i.e., whether it "was traditionally treated as a separate and distinct tenure area by the board" (*Waiters v Board of Educ.,* 46 NY2d 885, 887) and that persons hired for the position "were sufficiently alerted to the fact that in leaving their classrooms and taking on the duties of guidance counselors they were entering an entirely independent tenure area, one in which their previous * * * teaching experience would not be relevant in determining seniority" (*Steele v Board of Educ.,* 40 NY2d 456, 463; see, also, *Matter of Mitchell v Board of Educ.,* 40 NY2d 904; *Matter of Neer v Board of Educ.,* 61 AD2d 1014). We agree and see no reason why public policy would be violated if this question is submitted to arbitration rather than to a court (cf. *Board of Educ. v Glaubman,* 53 NY2d 781 [permitting arbitration of disputes concerning layoffs and recall of a teacher]). (Appeal from order of Supreme Court, Cattaraugus County, Crowley, J. — stay arbitration.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.