■ In the Matter of the Arbitration between the CITY OF PLATTSBURGH, Respondent, and LOCAL 788 AND NEW YORK COUNCIL 66, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, Appellant. — Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered July 3, 1984 in Clinton County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Dennis D. Mousseau was hired by petitioner as a water and sewer maintenance man in 1977. On February 9, 1978, he received a temporary appointment as a water meter service man; his appointment was made permanent on April 11, 1979. Also on February 9, 1978, another employee of petitioner, Roland Racine, received a permanent appointment as a water meter service man. Both employees were in the competitive class of the civil service system and covered by a collective bargaining agreement between petitioner and respondent. Petitioner abolished one of its water meter service men positions on December 29, 1983 and demoted Mousseau to the position of water and sewer maintenance man. In response to this demotion, respondent sent petitioner a demand to arbitrate.

Petitioner then made this application to stay arbitration on the ground that the matter was not arbitrable since, in making a determination on the order of demotions, a conflict exists between the seniority provisions in the collective bargaining agreement, which employs the date hired, and the seniority provision in Civil Service Law § 80, which uses the date of permanent appointment. Petitioner further maintained that the arbitration clause in the agreement by its terms removes the arbitrator's power to modify the contract and to determine the legality or illegality of the seniority provision in the agreement. Special Term granted petitioner's application, ruling that under the terms of the agreement the arbitrator was not empowered to decide the instant matter. This appeal by respondent ensued.

The judgment entered at Special Term should be affirmed. The stay of arbitration was properly granted since Civil Service Law § 80 served to prohibit the parties from arbitrating this dispute. This section clearly provides that "demotion * * * among incumbents holding the same or similar positions shall be made in the inverse order *of original appointment on a permanent basis* in the classified service" (Civil Service Law § 80 [1] [emphasis supplied]). The precise issue covered by the collective bargaining agreement, i.e., the order of demotions, is governed by this section and reflects a legislative imperative that petitioner was powerless to bargain away (*see, Matter of Acting Superintendent [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513-514).

Additionally, Special Term, in granting the stay of arbitration, properly held that the arbitrator was not empowered to decide the issue under the terms of the collective bargaining agreement. The agreement provides that: "No arbitrator functioning under this step of the grievance procedure shall have any power to amend, modify, or delete any provisions of this agreement, nor have any power to rule on the legality or illegality of any provisions of this agreement."

We note that, contrary to the claim of respondent, the policy of favoring arbitration in private sector labor relations does not apply equally in the field of public employment (*see, Matter of Acting Superintendent [United Liverpool Faculty Assn.]*, supra, pp 512-514). Absent a clear, unequivocal agreement to the contrary, it must be taken for granted that the public body did not intend to refer a particular matter to arbitration (*supra*).

Had the instant matter been submitted to arbitration, the arbitrator would necessarily have had to determine the legality or illegality of the seniority provision in the agreement. If the arbitrator would have found the seniority provision in the contract inapplicable, it would have been necessary to amend, modify or delete the contract provision. The arbitrator clearly was not empowered to do so.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.