■ In the Matter of CARMELLA MINNELLA et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE YONKERS PUBLIC

SCHOOLS, Respondent-Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of CARMELLA MINNELLA et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE YONKERS PUBLIC SCHOOLS, Respondent-Appellant, et al., Respondent. (Proceeding No. 2.)—In (1) a proceeding pursuant to CPLR article 78 to annul a determination of the Board of Education of the Yonkers Public Schools, which authorized the dismissal of the petitioners from their employment, and to direct the petitioners' reinstatement to their employment, and (2) a cross proceeding pursuant to CPLR article 75 to confirm the award of an arbitrator, dated March 29, 1985, which determined that the petitioners were properly laid off, the petitioners appeal and the Board of Education cross-appeals, by permission, from stated portions of an order of the Supreme Court, Westchester County (Stolarik, J.), dated March 2, 1986, which, *inter alia,* granted the Board's application to dismiss the petition to the extent of dismissing the first and second causes of action contained therein, denied so much of the application as was to dismiss the third and fourth causes of action contained in the petition, directed a hearing as to the remainder of the petition, and granted the cross petition to confirm the arbitrator's award.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In January 1984 the Board of Education of the Yonkers Public Schools notified certain teachers, including the petitioners, that their positions would be abolished on January 15, 1985. The Yonkers Federation of Teachers, on behalf of these teachers, thereafter filed a grievance and ultimately demanded arbitration. The issue submitted to, and decided by the arbitrator, was whether the specified teachers, including the petitioners, were in fact the least senior among the holders of the positions to be abolished. In an opinion and award dated March 29, 1985, the arbitrator rejected the petitioners' argument that they should be considered as being included within a broad tenure area designated as "Health, Trade & Technical". The arbitrator accepted the contrary view that each petitioner was a member of a much more narrowly defined tenure classification, to wit, that the petitioners Riordan and Alpuche were properly considered as "Teacher[s] of Practical Nursing" or "Nurse Teacher[s]", and that the petitioner Minnella was properly considered as being within the tenure area of "Textiles Production and Fabrication (Clothing Trade)".

Based on his determination that the petitioners were the

least senior of the teachers occupying positions within those narrow tenure areas, the arbitrator upheld the action of the Board in notifying the petitioners that they would be dismissed on January 15, 1985. The petitioners were, in fact, dismissed effective April 4, 1985, a few days after the arbitrator rendered his opinion and award.

By notice of petition dated July 31, 1985, the petitioners commenced this proceeding pursuant to CPLR article 78, demanding their reinstatement. The Board cross-petitioned to confirm the arbitrator's award. The Supreme Court, by order dated March 2, 1986, confirmed the award, and, finding that the arbitrator's award was conclusive as to the issue of whether the petitioners were properly dismissed upon the abolition of their positions, dismissed the first two causes of action asserted in the petition. We agree that this was correct.

The petitioners originally invoked the arbitration process. Having voluntarily participated in the arbitration, the petitioners may not now claim that the dispute concerning the scope of their tenure areas in connection with their rights under Education Law § 2510 (2) was not arbitrable *(see, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583). There is, in any event, authority for the proposition that such a dispute is arbitrable *(see, Board of Educ. v Portville Faculty Assn.,* 96 AD2d 739; *see also, Board of Educ. v Glaubman,* 53 NY2d 781). Further, since the arbitrator's award cannot be described as totally irrational *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346), it should be upheld. Far from being irrational, the arbitrator's award is strongly founded upon evidence that the "Health, Trade & Technical" classification was never treated as a functional tenure area. Thus, the arbitrator's award was properly confirmed.

In their CPLR article 78 proceeding, the petitioners made certain allegations which were not passed upon by the arbitrator. The petitioner Minnella alleged that her position was, in effect, never eliminated, that she herself performed the duties which comprised her former position on a per diem basis after April 4, 1985, and that another teacher later undertook duties substantially similar to those which were included in Minnella's original position. The petitioners Alpuche and Riordan advance similar claims. No final judgment was rendered by the court with respect to these allegations; instead, the court directed that a hearing be held in connection with those allegations. The Board was granted leave to cross-appeal from this portion of the court's order *(see,* CPLR 5701 [c]), and now

argues that no material issue of fact was presented, and thus no hearing is warranted. We disagree.

The verified pleadings and other affidavits submitted by the parties contain conflicting assertions as to the nature of the positions previously filled by the petitioners, whether such positions were in fact eliminated, and whether other less senior teachers have been hired to fill such positions. Accordingly, the order should be affirmed. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.