■ In the Matter of the Arbitration between MARCELLUS CENTRAL SCHOOL DISTRICT et al., Respondents, and MARCELLUS SCHOOL OFFICE PERSONNEL ASSOCIATION, Appellant.—Order unanimously reversed on the law with costs, application denied and cross application granted. Memorandum: Supreme Court erred in granting petitioner School District's application to stay arbitration and in denying respondent's cross application to compel arbitration. Under their collective bargaining agreement, the parties agreed to submit to arbitration all grievances involving "any dispute between the District and the Bargaining Unit or between the District and an individual covered by this Agreement concerning the interpretation, application, alleged breach or violation of this Agreement". Inasmuch as the grievance was based upon a claimed violation of the seniority, layoff and dismissal provisions of the contract, which are within the scope of the Taylor Law (see, Board of Educ. v Glaubman, 53 NY2d 781), it was clearly arbitrable within the meaning of the parties' unambiguous agreement to arbitrate (see, Board of Educ. v Barni, 49 NY2d 311, 314). The

court's role in reviewing applications to stay arbitration is a limited one and it is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute *(Board of Educ. v Barni,* 51 NY2d 894, 895).

Since it cannot be assumed in advance of arbitration that the arbitrator will exceed his powers as delimited in the agreement or render an award violative of public policy, neither petitioner's public policy argument nor its claim based upon restrictive language in the collective bargaining agreement justifies the court's decision to stay arbitration *(see, Board of Educ. v Barni,* 49 NY2d, *supra,* at 315). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Arbitration.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.