In the Matter of the Arbitration between BOARD OF EDUCATION OF GOWANDA CENTRAL SCHOOL DISTRICT, Respondent, and GOWANDA CENTRAL SCHOOL NON-TEACHING PERSONNEL ASSOCIATION, Appellant. [610 NYS2d 414] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent Gowanda Central School Non-Teaching Personnel Association (Association) sought arbitration of a dispute with petitioner Board of Education, Gowanda Central School District (Board of Education) concerning the discharge of a teacher's aide for alleged misconduct. In its "Request for Arbitration Panel", the Association set forth "discharge" as the issue for arbitration. The Board of Education petitioned for a stay of arbitration, contending that disciplinary action concerning employees was not a topic included in the parties' collective bargaining agreement (Agreement), and thus, that the dispute concerning the employee's discharge was not encompassed within the Agreement's broad arbitration clause. In opposing the Board's petition, the Association alleged that, in discharging the teacher's aide, the Board of Education violated sections 2.01, 4.01 and 4.03 of the Agreement. Specifically, the Association asserted that the teacher's aide was denied the right to have Association representation at any meeting or conference called for the purpose of issuing a form of discipline in violation of section 4.03 of the Agreement. Supreme Court granted the stay and vacated the Association's arbitration demand. We reverse.

Under the Agreement's broad arbitration clause, the Association is entitled to arbitrate whether the Board of Education violated the contractual right of the teacher's aide to be represented at any meeting or conference "called for the purpose of issuing a form of discipline" *(see, Board of Educ. v Barni,* 49 NY2d 311, 314). Whether the scope of section 4.03 includes the grounds for discharge, as well as the merits of the instant grievance, is for the arbitrator to decide. "The question of the scope of the substantive provisions of the contract is itself a matter of contract interpretation and application, and hence it must be deemed a matter of resolution by the arbitrator" *(Board of Educ. v Barni, supra,* at 314).

We do not reach the Board of Education's contention that the teacher's aide was represented at meetings that led to his discharge. Our limited role in reviewing an application to stay arbitration does not encompass the merits of the dispute *(see, Board of Educ. v Barni,* 51 NY2d 894, 895; *Matter of Marcellus Cent. School Dist. [Marcellus School Off. Personnel Assn.],* 177 AD2d 935, 936).

We reject the Board of Education's contention that arbitration should be stayed because the Association seeks to arbitrate matters beyond the scope of section 4.03 of the Agreement. We may not assume in advance of arbitration that the arbitrator will exceed his powers *(see, Board of Educ. v Barni, supra,* 49 NY2d, at 315; *Matter of Marcellus Cent. School Dist. [Marcellus School Off. Personnel Assn.], supra).*

Whether the Association gave proper notice of the issue to be arbitrated is a procedural question, and is, therefore, a matter for the arbitrator to decide *(see, Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 384; *see also, Matter of Belmont Cent. School Dist. v Belmont Teachers Assn.,* 51 AD2d 653, 654; *Matter of Willink v Howard,* 49 AD2d 683, 684). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Stay of Arbitration.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.