■ In the Matter of the Arbitration between BOARD OF EDUCATION, POTSDAM CENTRAL SCHOOL DISTRICT, Appellant, and STEPHEN KMACK et al., Respondents. [627 NYS2d 832] —Crew III, J. Appeal from an order of the Supreme Court (James, J.), entered January 31, 1994 in St. Lawrence County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent Potsdam Teachers' Association (hereinafter the Association) were parties to a collective bargaining agreement which provided, inter alia, for a four-step grievance process, concluding in arbitration. Respondent Stephen Kmack was a member of the Association and a tenured teacher at Potsdam High School. In October 1989, Kmack was suspended by petitioner pending certain disciplinary charges leveled against him. While preparing Kmack's classroom for use by a substitute teacher, the principal discovered a manila envelope which contained a packet of let-

ters written to Kmack. The envelope was given to the School District Superintendent, who placed the letters in Kmack's personnel file and notified him thereof pursuant to the terms of the agreement.

Kmack thereafter served a written grievance which sought removal of the letters from his personnel file.* The Superintendent agreed to remove the letters from Kmack's personnel file, but did not return them to Kmack. Kmack, being dissatisfied with that determination, filed, through the Association, for arbitration seeking return of the personal letters and certification that the School District and/or its agents retained no copies thereof. Petitioner then commenced this CPLR article 75 proceeding seeking a permanent stay of arbitration. Supreme Court dismissed the proceeding and this appeal ensued.

Petitioner contends that the parties did not clearly and unambiguously agree to arbitrate the dispute in question and, consequently, Supreme Court erred in dismissing the petition. We disagree. It is now clearly established that in determining whether to stay arbitration, a court must first determine whether the Taylor Law permits the parties to agree to arbitration of the dispute in question and, if so, whether the parties in fact agreed to such arbitration (*see, Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.]*, 42 NY2d 509, 513). As to the first inquiry, it is abundantly clear that disputes regarding teachers' personnel files are arbitrable under the Taylor Law (*see, Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.*, 140 AD2d 526, *lv denied* 72 NY2d 810). With regard to the second prong of the test, it is equally clear that under article VI of the agreement, the parties agreed to submit to arbitration disputes involving personnel files. Petitioner argues, nevertheless, that the agreement did not expressly provide for the return of unjustified material removed from a personnel file and, therefore, the matter is not arbitrable. We again disagree. The scope of the substantive provisions of the agreement is a matter of contract interpretation, which is a matter for resolution by the arbitrator (*see, Board of Educ. v Barni*, 49 NY2d 311, 314).

Next, petitioner argues that arbitration should be stayed based upon public policy considerations. It is true, as contended by petitioner, that it is for the courts to determine whether enforcement of an agreement to arbitrate a particular matter

---

* Article VI of the agreement provides, *inter alia*, that "[i]f a teacher believes file material to be * * * unjustified, he/she may resort to the grievance procedure [and] * * * [a]ny material determined to be unjustified * * * shall be removed".

would so contravene an important public policy as to be impermissible (*see, Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers' Assn.]*, 37 NY2d 614; *Matter of Board of Educ. [Buffalo Council]*, 52 AD2d 220). We find no such public policy considerations implicated in the agreement before us. Insofar as petitioner claims that the relief afforded by the arbitrator may offend public policy, we note that such a potential does not mandate a stay of arbitration where, as here, the arbitrator may fashion a remedy which does not infringe on the public policy considerations urged by petitioner (*see, Matter of Babylon Union Free School Dist. v Babylon Teachers Assn.*, 79 NY2d 773; *Matter of Marcellus Cent. School Dist. [Marcellus School Off. Personnel Assn.]*, 177 AD2d 935). In the event that the instant arbitration results in an award that contravenes public policy, it will be subject to vacatur (*see, Matter of Board of Educ. v West Babylon Teachers Assn.*, 72 AD2d 766, 767-768, *affd* 52 NY2d 1002).

We have considered and rejected petitioner's remaining contentions.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.