In the Matter of COUNTY OF CHAUTAUQUA, Respondent, v CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 1000, AFSCME, AFL-CIO, et al., Appellants. [809 NYS2d 701]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered September 2, 2004 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, granted in part the petition to stay arbitration and denied in part the cross motion of respondents to compel arbitration.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is denied in its entirety and the cross motion is granted in its entirety.

Memorandum: Supreme Court erred in granting the petition in part and granting petitioner a stay of arbitration with respect to grievances concerning work force layoffs brought by any employees who are "in the Competitive Classification" under the Civil Service Law. Petitioner is correct that there is a conflict between Civil Service Law § 80 (4), which permits layoffs by position, and the subject collective bargaining agreement, which provides that layoffs are to be determined on a departmental basis. Contrary to petitioner's contention, however, that conflict is merely theoretical and is not an impediment to arbitration until such time as the layoffs of particular employees are reviewed (*cf. Matter of City of Plattsburgh [Local 788 & N.Y. Council 66, Am. Fedn. of State, County & Mun. Empls., AFL-CIO]*, 108 AD2d 1045, 1046 [1985]). The fact that a statute and a provision in a collective bargaining agreement both address an issue does not necessarily mean that disputes concerning that issue are precluded from submission to arbitration (*see generally Board of Educ. of City of N.Y. v Glaubman*, 53 NY2d 781, 782-783 [1981]). "Where, as here, a collective bargaining agreement contains a broad arbitration clause, disputes arising thereunder are presumptively arbitrable absent clear exclusionary language" (*Matter of Alden Cent. School Dist. v Watson*, 56 AD2d 713, 713-714 [1977]). There is no such clear exclusionary language herein. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Martoche, JJ.