# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1368**
**CA 11-00651**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
BRIAN HAESSIG, PRESIDENT, OSWEGO CLASSROOM
TEACHERS ASSOCIATION, PETITIONER-RESPONDENT,

                AND                          MEMORANDUM AND ORDER

OSWEGO CITY SCHOOL DISTRICT,
RESPONDENT-APPELLANT.

---

FERRARA FIORENZA LARRISON BARRETT & REITZ, P.C., EAST SYRACUSE (ERIC J. WILSON OF COUNSEL), FOR RESPONDENT-APPELLANT.

RICHARD E. CASAGRANDE, LATHAM (PAUL D. CLAYTON OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 16, 2010 in a proceeding pursuant to CPLR article 75. The order and judgment, among other things, granted the petition to compel arbitration.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order and judgment granting the petition pursuant to CPLR article 75 to compel arbitration and denying respondent's cross motion to stay arbitration, relief also sought in a counterclaim. Petitioner is the president of the Oswego Classroom Teachers Association (hereafter, Association), the collective bargaining agent for teachers and certain other employees of respondent. The Association filed a grievance when respondent assigned an additional instructional class to teachers for the 2010-2011 school year, and it subsequently demanded arbitration. Respondent sought a stay of arbitration on the ground that the grievance was not arbitrable. In the alternative, respondent sought a determination that any arbitration would be advisory in nature. Contrary to respondent's contention, Supreme Court properly granted the petition and denied the cross motion.

Where, as here, the collective bargaining agreement (CBA) contains a broad arbitration clause, our determination of arbitrability is limited to "whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of Board of Educ. of Watertown City*

*School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143; *see Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390, *lv denied* 14 NY3d 712). The CBA defines a "[g]rievance" as "any claimed violation, misinterpretation or inequitable application of [the CBA] or existing Board [of Education] policies relating to salaries, hours and working conditions of the teachers . . . ." Pursuant to the CBA, a grievance may be submitted to arbitration if it remains unresolved after the third stage of the grievance procedure. The Association alleged that respondent's assignment of an additional instructional class violated Article VIII, sections A and D of the CBA, which govern, inter alia, teaching load and class sizes. Indeed, disputes concerning the CBA provisions at issue are specifically listed as arbitrable matters under the fourth stage of the grievance procedure.

Respondent contends, however, that other provisions of the CBA specifically exclude the instant grievance from arbitration. We reject that contention. Pursuant to the grievance procedure set forth in the CBA, "the term 'grievance' shall not apply to any matter as to which (1) the method of review is prescribed by law, or rules or regulation having the force or effect of law or (2) the Board [of Education] is without authority to act." Contrary to respondent's contention, the fact that the Commissioner of Education has promulgated regulations pertaining to teacher class loads (*see* 8 NYCRR 100.2 [i]) does not exclude that subject from the scope of arbitration under the CBA (*see Board of Educ. of City of N.Y. v Glaubman*, 53 NY2d 781, 782-783; *Matter of County of Chautauqua v Civil Serv. Empls. Assn.*, *Local 1000*, *AFSCME, AFL-CIO*, 26 AD3d 843, *mod on other grounds* 8 NY3d 513). Further, although Education Law § 310 permits any aggrieved party to appeal by petition to the Commissioner of Education, that statute does not mandate a particular method of review and does not preclude submission of disputes concerning teacher class loads to arbitration (*see Glaubman*, 53 NY2d at 783; *see generally Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508-509, *cert denied* 485 US 1034).

Respondent also contends that the grievance is not arbitrable based on a provision of the CBA pursuant to which an "arbitrator shall have no power to add to, subtract from, or change any of the provisions of [the CBA]; nor to render any decision [that] conflicts with a law, regulation, directive, or other obligation upon [respondent]; nor to imply any obligation upon [respondent that] is not specifically set forth in [the CBA]." It is well established, however, that such language does not "circumscribe the otherwise broad contractual definition of arbitrable grievances" in the CBA but, rather, it is "intended only as a set of instructions to the arbitrator to guide him [or her] as to the types of remedies he [or she] is permitted to formulate once he [or she] has interpreted and applied the substantive provisions of the agreement" (*Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 315). Inasmuch as "it cannot be assumed in advance of arbitration that the arbitrator will exceed his [or her] powers as delimited in the [CBA], the restrictive language in the arbitration clause cannot be cited as a ground for staying arbitration" (*id.*; *see Matter of*

*Board of Educ. of Gowanda Cent. School Dist. [Gowanda Cent. School Non-Teaching Personnel Assn.]*, 202 AD2d 1048; *Matter of Marcellus Cent. School Dist. [Marcellus School Off. Personnel Assn.]*, 177 AD2d 935).

Contrary to the further contention of respondent, the court properly denied its cross motion seeking a determination that any arbitration would be advisory in nature. It is for the arbitrator, not the court, to interpret the substantive aspects of the CBA, including whether an arbitration award is binding or advisory (*see generally Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 82-83; *Board of Educ. of Watertown City School Dist.*, 93 NY2d at 142).

Finally, petitioner did not abandon its right to arbitrate the grievance by filing a notice of claim with the Public Employment Relations Board concerning an improper practice charge (*see generally Matter of County of Suffolk v Novo*, 96 AD2d 902).

Entered: December 30, 2011                    Frances E. Cafarell
                                              Clerk of the Court