# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**391**
**CA 13-01762**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN CITY
OF SYRACUSE, PETITIONER-RESPONDENT,

AND                                                    MEMORANDUM AND ORDER

SYRACUSE POLICE BENEVOLENT ASSOCIATION, INC.,
RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DEPERNO & KHANZADIAN, P.C., SYLVAN BEACH (KAREN KHANZADIAN OF
COUNSEL), FOR RESPONDENT-APPELLANT.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (COLIN M. LEONARD OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered November 30, 2012 in a proceeding pursuant to CPLR article 75. The order granted the petition for a permanent stay of arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, City of Syracuse (City), commenced the proceedings in appeal Nos. 1 and 2 pursuant to CPLR article 75, seeking permanent stays of arbitration of separate grievances filed by respondent. In both grievances, respondent alleged that the City violated the parties' collective bargaining agreement (CBA) by failing to pay overtime wages to its police officers who provide security during off-duty hours at the Syracuse International Airport, which is owned by the City but managed by the Syracuse Regional Airport Authority (Authority). We conclude that Supreme Court properly granted the petition in appeal No. 1, but erred in granting the petition in appeal No. 2.

It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, we do not determine the merits of the grievance and instead determine only whether the subject matter of the grievance is arbitrable (*see* CPLR 7501; *Matter of Board of Educ. of Watertown City Sch. Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 142-143). "Proceeding with a two-part test, we first ask whether the parties may arbitrate the dispute by inquiring if 'there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' . . . If no prohibition exists, we then

ask whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement. If there is a prohibition, our inquiry ends and an arbitrator cannot act" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519; *see Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233).

"Where, as here, the [CBA] contains a broad arbitration clause, our determination of arbitrability is limited to 'whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*Matter of Haessig [Oswego City Sch. Dist.]*, 90 AD3d 1657, 1657, quoting *Board of Educ. of Watertown City Sch. Dist.*, 93 NY2d at 143; *see Matter of Kenmore-Town of Tonawanda Union Free Sch. Dist. [Ken-Ton Sch. Empls. Assn.]*, 110 AD3d 1494, 1495). If such a "reasonable relationship" exists, it is the role of the arbitrator, and not the court, to "make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (*Board of Educ. of Watertown City Sch. Dist.*, 93 NY2d at 143; *see Matter of Ontario County [Ontario County Sheriff's Unit 7850-01, CSEA, Local 1000, AFSCME, AFL-CIO]*, 106 AD3d 1463, 1464-1465).

By the grievance in appeal No. 1, respondent alleged that the City violated section 8.5 of the CBA by refusing to pay overtime wages to police officers who, during their off-duty hours, provide security at the airport. Section 8.5 of the CBA provides that the City "shall pay for a minimum of four hours' work at overtime rates when an off-duty employee is called in to work ordered overtime for a period of time which is not contiguous to that employee's regular tour of duty." The officers who provide security at the airport are not hired to perform that work by the City; instead, they are hired by G4S Solutions, Inc. (G4S), a private security firm retained by the Authority. According to the grievance, off-duty officers working at the airport are entitled to four hours of overtime pay, over and above the hourly rate paid by G4S, each time they perform a "police function," such as "being directed to conduct traffic roadblocks . . . , collect and turn in evidence, investigate suspicious activity and perform other vehicle and traffic duties that only on-duty police officers can perform."

Although we agree with respondent that there is no statutory, constitutional or public policy prohibition against arbitration of the grievance (*see generally Matter of Board of Educ. of Schenectady City Sch. Dist. [Schenectady Fedn. of Teachers]*, 61 AD3d 1175, 1176), we conclude that the court properly granted the petition seeking a permanent stay of arbitration because the grievance is not reasonably related to the subject matter of the parties' CBA (*see generally Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO]*, 20 AD3d 859, 860). As noted, the grievance is based on an alleged violation of section 8.5 of the CBA, which relates to compensation for officers who are "called in" to perform "ordered" overtime. The off-duty officers who work for G4S at the airport are

not ordered to work overtime; rather, they volunteer to work for G4S during their off-duty hours. Moreover, they are not "called in" by the City when they make an arrest at the airport or otherwise engage in police functions. Indeed, respondent concedes that off-duty officers who provide private security at other venues, such as the Carrier Dome or the Destiny Mall, are not entitled under the CBA to overtime pay each time they engage in police functions, and we perceive no reason to reach a different result with respect to the airport.

We conclude with respect to appeal No. 2, however, that the court erred in granting the petition. Although the grievance in appeal No. 2 is also based on an alleged violation of section 8.5 of the CBA, respondent does not merely assert in general terms that off-duty officers working at the airport for G4S are entitled to overtime pay every time they engage in police functions. Instead, the grievance in appeal No. 2 is based specifically on the claims of two identified officers who, while working at the airport, were "dispatched" to the Best Western Hotel adjacent to the airport to "investigate a domestic dispute," and those officers prepared a police report. According to the grievance, the investigation of domestic violence calls has "historically been bargaining unit work." In a supporting affidavit, respondent's president stated that the officers in question were ordered to respond to the hotel by an on-duty police officer. We conclude that the grievance in appeal No. 2 is reasonably related to the CBA, and that it should be left for the arbitrator to "make a more exacting interpretation of the precise scope of the substantive provisions of the [CBA]" and determine "whether the subject matter of the dispute fits within them" (*Matter of Niagara Frontier Transp. Auth. v Niagara Frontier Transp. Auth. Superior Officers Assn.*, 71 AD3d 1389, 1390, *lv denied* 14 NY3d 712 [internal quotation marks omitted]; *see generally Board of Educ. of Watertown City Sch. Dist.*, 93 NY2d at 143; *Matter of Town of Cheektowaga [Cheektowaga Police Club, Inc.]*, 59 AD3d 993, 994).

Entered:  July 11, 2014                        Frances E. Cafarell
                                               Clerk of the Court