■ In the Matter of THOUSAND ISLANDS CENTRAL SCHOOL DISTRICT, Respondent, v THOUSAND ISLANDS EDUCATION ASSOCIATION, Appellant. [61 NYS3d 426]—

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered October 4, 2016 in a proceeding pursuant to CPLR article 75. The order granted the amended petition to stay arbitration and denied the cross motion to compel arbitration.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the amended petition is denied, and the cross motion is granted.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration, and respondent, a labor organization that represents employees of petitioner, cross-moved to compel arbitration. The parties entered into a collective bargaining agreement (CBA) containing an arbitration clause allowing for the arbitration of "any alleged violation of this agreement or any dispute with respect to its meaning or application." In 2016, respondent filed a grievance on behalf of one of its members, a teacher, alleging that petitioner had violated the provisions of the CBA that require petitioner to maintain salary schedules in an ethical manner, to adjust teacher salaries based on graduate credits earned, and to abide by the salary schedules. Respondent alleged that, when the teacher was hired, petitioner mistakenly placed her on the salary schedule without properly taking into account the graduate credits that she had earned, and that the teacher had been underpaid since then as a result of the error. Supreme Court granted the amended petition and denied respondent's cross motion to compel arbitration. We reverse and direct the parties to proceed to arbitration.

It is well settled that courts must apply a two-part test to determine whether a matter is subject to arbitration under a CBA (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). "First, the court must determine 'whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of Onondaga-Cortland-Madison Bd. of Coop. Educ. Servs. [Onondaga-Cortland-Madison BOCES Fedn. of Teachers]*, 136 AD3d 1289, 1290 [2016]). If there is no such prohibition, the court must examine the CBA to determine "whether the parties in fact agreed to arbitrate the particular dispute" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn.,*

*Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]). In other words, "the court must determine 'whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA' " (*id.*, quoting *Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 143 [1999]). "If such a 'reasonable relationship' exists, it is the role of the arbitrator, and not the court, to 'make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them' " (*Matter of City of Syracuse [Syracuse Police Benevolent Assn., Inc.]*, 119 AD3d 1396, 1397 [2014], quoting *Matter of Board of Educ. of Watertown City School Dist.*, 93 NY2d at 143).

As petitioner correctly concedes, the arbitration of disputes concerning public school teachers' salaries is not proscribed by law or public policy, and thus only the second prong is at issue (*see Matter of County of Herkimer v Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO*, 124 AD3d 1370, 1371 [2015]).

With respect to that prong, we agree with respondent that the parties agreed to arbitrate this particular dispute. The dispute concerns whether petitioner placed the teacher at the correct step of the salary schedule and paid her properly based on the graduate credits that she earned, and thus it is reasonably related to the general subject matter of the CBA (*see Matter of Board of Educ. of Yorktown Cent. Sch. Dist. v Yorktown Congress of Teachers*, 98 AD3d 665, 667 [2012], *lv denied* 20 NY3d 851 [2012]; *see also Matter of Alden Cent. School Dist. v Watson*, 56 AD2d 713, 714 [1977]). Issues concerning whether the CBA supports a grievance arising from the initial placement of a new employee on the salary schedule, as opposed to the proper payment of an existing employee, "are matters involving the scope of the substantive [CBA] provisions and, as such, are for the arbitrator" to resolve (*Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1234 [2012]). Finally, contrary to petitioner's contention, the clause in the CBA stating that an arbitrator has "no power to alter, add to, or detract from" the CBA does not render the dispute nonarbitrable (*see Matter of Haessig [Oswego City School Dist.]*, 90 AD3d 1657, 1658 [2011]). Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.