■ In the Matter of Ross J. WILLINK, as Superintendent of Schools of Webster Central School District, Appellant, v WEBSTER TEACHERS ASSOCIATION, Respondent. — Order unanimously affirmed, with costs. Memorandum: Appellant, the Superintendent of Webster Central School District, has appealed from an order denying his motion for an order staying arbitration and granting respondent's, Webster Teachers Association, motion to compel arbitration. The dispute concerns the method of computing a salary adjustment factor under a collective bargaining agreement to which the appellant school district and respondent teachers association are parties. The district argues that the subject matter does not fall within the scope of the contractual arbitration clause. It also contends that the demand for arbitration was not timely made. Whether a dispute between an employer and an employee in the public sector may be submitted to arbitration is a question to be determined by the courts. In so doing the court must proceed with a two-step analysis. First, arbitration of the subject matter of the dispute must be permissible under the Taylor Law. Once it has been determined that the

reference to arbitration is authorized, inquiry then proceeds to whether the parties actually agreed to submit disputes in the specific subject area to arbitration. The agreement to arbitrate must be clear and unequivocal *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509). In this case the district concedes that the subject matter of the dispute is teachers' salary and, therefore, an appropriate subject for arbitration under the Taylor Law. The district claims, however, that the subject matter of the dispute does not come within the scope of the arbitration clause of the collective bargaining agreement. That agreement defines two types of grievances. A noncontractual grievance (also called a "Fair Treatment Claim") is one arising from a dispute over existing laws, rules, regulations and policies or from arbitrary, capricious or offensive conduct of one employee toward another. Such noncontractual grievance is not subject to arbitration. Arbitration is a remedy, however, for the determination of a contractual grievance. That type of grievance is defined as "one which is based on a claim of breach of this agreement". This broad arbitration clause covers disputes involving the interpretation of the various clauses in the contract. The collective bargaining agreement governed relations between these parties for three years and included salary schedules for the various teaching grades as computed from a basic starting salary. Each year the basic starting salary was increased by a few hundred dollars. In addition, for the last six months of the contract, the basic starting salary was to be adjusted by a factor computed from the percentage change of the cost of living index. The dispute between the parties concerns the formula to be used to compute the percentage increase in the cost of living from September 1, 1978 to September 1, 1979. Arguably the formula may be ambiguous. The prose language used in the agreement indicates that the denominator to be employed in the fraction to obtain salary adjustments is the CPI for 1978; the numerical fraction used in the same agreement, however, has as its denominator the CPI for the year 1979. Since the dispute involves conflicting interpretations of a contractual provision and is based on a claimed breach of the contract, it is subject to arbitration. In determining the issue of arbitrability, we are not concerned with the merits of the case *(Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348; *Board of Educ. v Barni,* 49 NY2d 311). Neither are we here concerned with the issue of timeliness. That issue must also be determined by the arbitrator *(Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358; *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599). (Appeal from order of Monroe Supreme Court — arbitration.) Present — Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.