■ In the Matter of COBLESKILL CENTRAL SCHOOL DISTRICT, Appellant, v HAROLD R. NEWMAN et al., Individually and Constituting the Public Employment Relations Board of the State of New York, Respondents, and COBLESKILL TEACHERS ASSOCIATION, Intervenor-Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered November 3, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Public Employment Relations Board finding that petitioner had violated section 209-a (subd 1, par [e]) of the Civil Service Law by refusing to pay salary increments contained in an expired collective bargaining agreement.

During oral argument, we were advised that the parties had negotiated a successor contract to the agreement that is the subject of this appeal. Ordinarily, an appeal will be considered moot unless its determination will impact on the rights of the parties (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). An exception to this policy exists where, as here, the relatively recent enactment of section 209-a (subd 1, par [e]) of the Civil Service Law, coupled with the large number of public employer labor agreements in existence, creates the likelihood that the issue herein decided will be the subject of future litigation between other members of the public. For that reason, we proceed to decide the instant appeal on the merits (see *id.*).

Absent a continuation clause, a two-year labor agreement existing between the Cobleskill Central School District and Cobleskill Teachers Association expired on June 30, 1982. Among its provisions, the two-year agreement contained two salary schedules setting forth the pay levels for the teaching staff for the 1980-1981 school year and the 1981-1982 school year. Each salary schedule contained what has been referred to as a "vertical increment component" and a "horizontal increment component". The vertical salary component provides an increase in salary for each year of longevity in the school system. The horizontal salary component provides for salary increases based on the level of advanced education. To determine a particular teacher's annual salary, one would go down the vertical scale to the number of years of longevity and then horizontally to the proper classification of educational achievement. The 1980-1981 schedule differed from the 1981-1982 schedule in that salaries at all levels were raised in the second schedule, apparently to provide a cost of living adjustment.

Upon expiration of the agreement, the school district froze each teacher's salary at the amount being paid at the end of the

1981-1982 school year pending the negotiation of a new contract. The teachers association took the position that each teacher should have been advanced one increment for the reason that each teacher had achieved an additional year of longevity. Accordingly, it filed an improper practice charge with the Public Employment Relations Board (PERB) which sustained the position of the teachers association. A CPLR article 78 proceeding resulted in confirmation of PERB's determination. This appeal by the school district ensued.

The school district's position was that absent a new agreement incorporating a new salary schedule, the *status quo* was being maintained by continuing, during the negotiation period in the 1982-1983 school year, the same rate of pay that the teachers were receiving the previous year. In doing so, it relied upon *Matter of Board of Coop. Educational Servs. of Rockland County v New York State Public Employment Relations Bd.* (41 NY2d 753, 754). However, effective July 19, 1982, subdivision 1 of section 209-a of the Civil Service Law was amended by chapter 868 of the Laws of 1982 by adding paragraph (e), which provided that it was an improper employer practice "to refuse to continue all the terms of an expired agreement until a new agreement is negotiated".

In our view, the Legislature, in enacting the amendment, purposely acted to alter the *Rockland* rationale. It is for us to apply the language of the amendment to the factual situation of this case. The salary schedule was one of the terms of the expired contract which was required to be extended. The teachers association does not seek to modify the schedule. They disagree with the school district only in the application of the schedule. They contend that each teacher should have been paid pursuant to the schedule, but in accordance with that teacher's longevity and educational qualification status as it existed at the beginning of the new pay period. We agree. They do not contend that they are entitled to an upward adjustment of each individual pay scale by virtue of the fact that the contract did make such an adjustment in its 1981-1982 salary schedule over that of 1980-1981. Such a contention would have been unwarranted.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.