■ In the Matter of the Arbitration between KANSAS CITY FIRE & MARINE INSURANCE COMPANY, Appellant, and LAWRENCE E. BARNES et al., as Parents and Natural Guardians of JODI BARNES, an Infant, Respondents.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: On petitioner's motion to stay arbitration, the court erred in denying the motion and determining the dispute on the merits. Arbitration cannot be compelled and should be stayed where the subject matter of the dispute is not within the intent of the arbitration agreement *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7). When called upon to compel or stay arbitration, the court must always inquire whether the parties to an arbitration agreement have agreed to arbitrate the particular dispute *(see, Matter of Carey v Westinghouse Elec. Corp.,* 11 NY2d 452, 456, *revd on other grounds* 375 US 261, *mod on other grounds* 14 NY2d 581). Where the arbitration clause is a narrow one limiting arbitration to specific questions, matters other than those specified are not deemed to be within the arbitration clause *(see, Matter of County of Rockland [Primiano Constr. Co.], supra,* pp 9-11). The insurance policy here limits arbitration to disputes with respect to two questions: the insured's right to recover from the underinsured tort-feasor and the amount of the insured's damages. Contract interpretation involving the scope of coverage under the policy is not embraced within this limited arbitration agreement *(cf. Matter of Napolitano [MVAIC],* 21 NY2d 281; *Matter of Hanover Ins. Co. [Squarzini],* 96 AD2d 471). Petitioner's motion papers aver that there are no arbitrable disputes but only the nonarbitrable question of whether petitioner was entitled to reduce payment under the underinsured motorist coverage by the amount of the tort-feasor's settlement. Respondents did not submit papers in opposition to the motion and thus did not refute petitioner's argument that only a nonarbitrable issue was involved. Indeed, respondents have stipulated "for the purposes of the Motion at Special Term and this appeal * * * that there are no disputed questions of fact applicable to the Motion or the appeal but rather a question of law." Since the matter is conceded to be nonarbitrable, Special Term erred in

denying the motion to stay arbitration. Further, Special Term erred in addressing the merits of the dispute. There was no action pending, only a request for an order to stay arbitration. In determining issues of arbitrability, the court is not concerned with the merits of the case (see, *Matter of Willink v Webster Teachers Assn.,* 81 AD2d 1008, 1009) and had no power to grant *sua sponte* relief. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—stay arbitration.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.