Timothy NEVINS, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 1294, Docket 86–4022.

United States Court of Appeals, Second Circuit.

Argued May 8, 1986.

Decided June 23, 1986.

David B. Horowitz, New York City, for petitioner.

Elliot Moore, Washington, D.C. (Office of the Gen. Counsel, Deputy Associate Gen. Counsel, John D. Burgoyne, Asst. Gen. Counsel, Rosemary M. Collyer, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel), for respondent.

Before VAN GRAAFEILAND, KEARSE and MINER, Circuit Judges.

MINER, Circuit Judge:

This is a petition to review an order of the National Labor Relations Board ("NLRB") dismissing petitioner Timothy Nevins's unfair labor practices complaint against Donald Browne, his former employer. Nevins's complaint alleged that Browne failed to provide the collective bargaining agreement benefits applicable to his employment as a "helper" on the improper ground that he was not a union member and that on January 5, 1981, Browne constructively discharged him by offering him continued employment as a helper if he would agree to accept wages and benefits at less than union scale. The NLRB concluded that it should defer to a decision made in a prior arbitration proceeding finding in favor of Browne on contractual grievances brought by Nevins concerning his dismissal and rate of pay. Because we find that the issues before the NLRB in large part were not parallel to those before the arbitrator, we conclude that the NLRB abused its discretion by deferring to the earlier ruling, and, accordingly, remand the matter to the NLRB for further proceedings.

## I. BACKGROUND

Donald Browne owns and operates Bailey Distributions, a wholesale beverage distributorship in the Bronx, New York. He is a signatory to a collective bargaining agreement entered into by the Soft Drink Workers Union ("Union") and the New York Pepsi-Cola Distributors Association, Inc., of which he is a member. The agreement, among other things, establishes wage rates and benefits for all employees of the signatories and provides for binding arbitration to resolve any grievances between employer and employee.

Browne employed Nevins in various capacities, and at various times, between 1977 and 1981. The exact nature of that employment, however, is a matter of some dispute. According to Browne, Nevins was employed as a relief driver when Browne's regular drivers were on vacation and as a regular driver for a short time in the fall of 1980, when Browne attempted to add an additional route to his business. Nevins's employment as a regular driver ended in September of 1980, when Browne canceled the additional route for economic reasons. Nevins's employment as a relief driver ended in November of 1980, when all of Browne's regular drivers returned from vacations. According to Nevins, however, Browne also employed him as a helper to assist the regular route drivers. When he worked as a helper, he was paid by the driver he was assisting. When he worked as a driver or relief driver, Browne would pay him directly.

On Friday, January 2, 1981, Nevins arranged to meet Ronald Walsh, one of Browne's regular drivers, to assist him in his deliveries along his route. When Walsh did not appear, Nevins telephoned Browne, who directed him to come to the warehouse and take the truck out himself. Nevins obliged and performed Walsh's duties for the day and was paid for the work. On Monday, January 5, 1981, Browne terminated Walsh and informed Nevins that Browne himself would be taking over Walsh's route. According to Nevins, Browne then offered him continued em-

ployment as his helper if Nevins would agree to accept forty to fifty dollars a day "off the books" and if he would follow Browne along the route in his own van. Nevins refused the employment offer. While admitting that an offer of employment as a helper was made to Nevins, Browne denies that he ever conditioned such employment upon the acceptance of sub-scale wages. Rather, Browne contends that Nevins declined the employment because he wished to work only as a driver. In addition, Browne alleges that he never was aware of any employment relationship between Walsh and Nevins and never authorized Walsh to hire Nevins as a helper.

Nevins then wrote to the Union, requesting that a grievance be filed against Browne on his behalf for his "unjust" termination and for certain underpayments made to him by Browne for his work as a helper. In his letter, Nevins stated that he wished "to be reinstated back to my position as a relief driver and helper and to obtain back pay which I feel is owed to me for the time I was a helper during the past three years." In response, the Union contacted the arbitrator named in the collective bargaining agreement and requested arbitration of Nevins's grievance, framing the issue to encompass Browne's dismissal of Nevins.

In April of 1981, Nevins filed unfair labor practice charges with the NLRB against Browne and the Union. Nevins charged that Browne had failed to afford him the benefits of the collective bargaining agreement because he was not a Union member, thereby causing him to receive less wages and benefits than he was entitled to, in violation of sections 8(a)(1), (2) & (3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(1)–(3) (1982). In addition, Nevins charged that Browne had constructively discharged him on January 5, 1981 by conditioning his employment as a helper on the relinquishment of certain wage and benefit rights under the collective bargaining agreement, in violation of sections 8(a)(1), (3) of the NLRA, 29 U.S.C. §§ 158(a)(1), (3). As for the Union, Nevins alleged that it had failed to process his grievances properly because of his non-union status. In June of 1981, the NLRB's regional office issued a complaint against Browne reflecting Nevins's charges. Nevins then dropped his charges against the Union.

One week after the filing of the charges with the NLRB, Nevins commenced an action in federal district court against Browne and the Union, alleging violations of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982), and section 102 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412 (1982). The complaint asserted that Browne had made improper deductions from Nevins's wages during his employment and had not compensated Nevins in accordance with the collective bargaining agreement; that Browne had terminated Nevins on January 5, 1981 in violation of the collective bargaining agreement; and that the Union had failed to represent Nevins adequately in his grievances and had refused to provide him with a copy of the collective bargaining agreement. In July of 1981, the district court dismissed the action on the ground that Nevins had failed to exhaust the binding arbitration procedures provided for in the collective bargaining agreement. In disposing of the matter, the court noted that Nevins would be able to "raise any and all issues relevant to [his] claim of arbitrary treatment" in the arbitration proceeding.

On December 8, 1981, the parties took part in an arbitration hearing on the grievances. Nevins and Browne both testified as to their employment relationship, Nevins asserting that he had worked for Browne primarily as a helper and that Browne had not paid him in accordance with the collective bargaining agreement, and Browne saying that he had never employed, or authorized the employment of, Nevins as a helper. On February 3, 1982, the arbitrator issued his decision denying Nevins's grievances.

On its face, the decision addressed two issues: whether Browne properly had ter-

minated Nevins from his positions as a *driver* and *relief driver* in the fall of 1980 and whether Browne properly had compensated Nevins for his work as a helper prior to November of 1980. As to the former issue, the arbitrator concluded that Browne had canceled the route on which Nevins was a driver because of insufficient sales along the route. He further found that Nevins's employment as a relief driver had ended because all the regular drivers had returned from vacations. Consequently, the arbitrator found nothing improper about Nevins's loss of employment. As to the latter issue, the arbitrator concluded, based upon the testimony at the hearing, that Browne had never employed Nevins as a helper and thus could not be liable for underpaying Nevins for such employment. The arbitrator did note that Nevins was paid for working as a driver on January 2, 1981, but he failed to attach any significance to that fact.

Several months later, the parties took part in a hearing before an administrative law judge regarding Nevins's unfair labor practices complaint. On January 3, 1983, the ALJ issued his decision upholding the complaint and finding that Browne improperly had deprived Nevins of wages and benefits guaranteed to him in his position as a helper by the collective bargaining agreement and that Browne constructively had discharged Nevins on January 5, 1981, by offering him continued employment as a helper conditioned upon the acceptance of sub-scale wages. In his decision, the ALJ rejected the arbitrator's earlier factual finding that Browne had not employed Nevins as a helper and, consequently, held that a deferral to the arbitrator's decision was not appropriate.

Fifteen months later, the NLRB remanded the matter to the ALJ for further consideration in light of its decision in *Olin Corporation*, 268 N.L.R.B. 573 (1984), which established a new standard for determining whether to defer to an arbitrator's decision. In a second opinion, the ALJ adhered to his earlier decision, concluding that the issues presented before him were not parallel to those before the arbitrator

and that critical facts relating to the unfair labor practice claims had not been presented in the arbitration.

On January 21, 1986, a three-member panel of the NLRB rejected the ALJ's decisions and concluded that it should defer to the arbitrator's decision. Following the standard for deferral set forth in *Olin*, the NLRB reasoned that the issues before the arbitrator and the ALJ "both turn[ed] on whether Nevins was ever employed by ... [Browne] as a helper." In turn, since the arbitrator had determined that Nevins had never been so employed and since, according to the NLRB, the facts relevant to the making of such a determination were presented to the arbitrator, the NLRB panel concluded that there was no basis for the ALJ to re-examine the issues.

In his petition for review, Nevins asserts that the NLRB's decision to defer to the earlier arbitration ruling constituted an abuse of its administrative discretion. Specifically, while recognizing the NLRB's right to defer in such situations, Nevins contends that the NLRB in this instance did not follow its own guidelines as set forth in *Olin*. According to Nevins, the statutory claims before the NLRB were neither parallel to the contractual claims before the arbitrator nor raised before the arbitrator in the earlier proceeding. Attacking the arbitration proceeding directly, Nevins further alleges that that proceeding was itself unfair, given the existence of a direct conflict of interest between Nevins and the Union, Nevins's representative, arising from an alleged interest of the Union in not having Nevins classified as a helper.

## II. DISCUSSION

The authority to defer to an earlier arbitrator's ruling is discretionary with the NLRB. *Liquor Salesmen's Union Local 2 v. N.L.R.B.*, 664 F.2d 318, 326 (2d Cir.1981), *cert. denied*, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982). The standard in this circuit for reviewing an NLRB decision to defer is whether that decision constituted an abuse of administrative discretion. *N.L.*

*R.B. v. New York University Medical Center,* 702 F.2d 284, 288 (2d Cir.), *vacated on other grounds,* 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 73 (1983). The NLRB is given wide lattitude in deciding which situations merit deferral. *Liquor Salesmen's Union,* 664 F.2d at 326. This discretion, however, is tempered by the adoption of administrative rules or guidelines governing such decisionmaking. Once an agency adopts such guidelines, it cannot "blithely ignore" them. *N.L.R.B. v. Horn & Hardart Company,* 439 F.2d 674, 679 (2d Cir.1971). While it may alter or amend its guidelines, the NLRB "cannot lightly change the rules on a case by case basis." *Liquor Salesmen's Union,* 664 F.2d at 326.

The NLRB traditionally has employed a three-pronged standard in determining whether to defer. It has exercised its discretion only when the arbitration hearing appears to have been fair and regular, the parties have agreed to be bound by the arbitrator's decision, and the arbitrator's decision is not clearly repugnant to the purpose of the NLRA. *Spielberg Manufacturing Company,* 112 N.L.R.B. 1080 (1965). In *Olin,* the NLRB expanded this standard to require the issues before the arbitrator to have been factually parallel to those before the NLRB and the arbitrator to have been presented generally with those facts relevant to disposing of the unfair labor practice charges. *Olin,* 268 N.L.R.B. at 574–75. The burden is placed upon the party requesting the NLRB to ignore the earlier arbitration decision to establish the inadequacy of that proceeding. *Id.* The issue for us to resolve on this petition, therefore, is whether the NLRB properly applied the *Olin* standard to Nevins's unfair labor practices complaint. We conclude that it did not.[1]

Here, the arbitrator addressed two contractual grievances in his formal decision:

Nevins's claim that Browne had paid him sub-scale wages for his work as a helper and his claim that Browne improperly had terminated him from his positions as a driver and a relief driver in the fall of 1980. In contrast, the unfair labor practices complaint against Browne addressed two statutory claims: Nevins's charge that Browne had discriminated against him in his position as a helper as to wages and other benefits because of Nevins's non-union status and the charge that Browne had constructively discharged Nevins on January 5, 1981 by conditioning his continued employment upon the acceptance of sub-scale wages and benefits. In its decision, the NLRB reasoned that the arbitrator's factual finding that Browne had never employed Nevins as a helper was dispositive as to all contractual and statutory claims. It therefore determined that the issues in both proceedings were factually parallel. Upon reviewing the testimonial evidence before the arbitrator, it further found that the arbitrator had ample facts relating to the employment relationship between Browne and Nevins to reach this conclusion.

■ As to Nevins's first statutory claim, discriminatory treatment in his employment as a helper, we have little difficulty in concluding, as did the NLRB, that the arbitrator's determination of Nevins's employment status disposed of the issue. Nevins in fact concedes on appeal that the arbitrator's ruling is dispositive. Obviously, if the arbitrator's determination that Nevins never was employed as a helper is accepted, Nevins's statutory claim, alleging underpayment as a helper, cannot stand. The threshold question on the statutory issue therefore is factually parallel to those issues decided by the arbitrator. The arbitrator further was presented with the facts necessary to make such a determination—both Nevins and Browne testified at length

---

**1.** In *Taylor v. N.L.R.B.,* 786 F.2d 1516 (11th Cir.1986), the Eleventh Circuit rejected the standard for deferral under *Olin,* holding that it "does not protect sufficiently an employee's rights granted by the [NLRA]." *Id.* at 1521. The basis for this conclusion was that *Olin* places the burden of demonstrating the need for an independent NLRB review upon the petitioner, as opposed to placing the burden of demonstrating the need to defer upon the NLRB. Nevins does not challenge the *Olin* standard and we need not reach the issue discussed in *Taylor* in any event, because we conclude here that the standard was not satisfied.

as to their employment relationship. It certainly was within the purview of the arbitrator to weigh the credibility of the witnesses and rule accordingly.

The NLRB's decision to defer on the second statutory issue, the claim of a constructive discharge on January 5th, however, did not satisfy the NLRB's standard under *Olin*, and accordingly, requires a remand. First, the issues before the arbitrator were not factually parallel to this second statutory issue. The arbitrated issues dealt with alleged underpayments to Nevins during his employment and an alleged discharge from his employment as a driver and relief driver in November of 1980. Neither of these issues relates to the circumstances surrounding Browne's allegedly improper offer of employment on January 5th. More important, the arbitrator's determination that Browne had not employed Nevins as a helper does not dispose of the issue of whether Browne offered employment as a helper to Nevins on January 5th (a fact which Browne concedes) conditioned upon Nevins's acceptance of sub-scale wages. It is clear that at the time of the offer of continued employment Nevins had been performing services for Browne. Browne admits that on Friday, January 2nd, Nevins drove a truck for him along one of his routes. Consequently, the issue whether he was constructively discharged from his employment by the allegedly improper offer on January 5th was not affected by the arbitrator's earlier ruling that Browne never had employed him as a helper.

Nor can it be claimed that the arbitrator was presented generally with the facts necessary to resolve the constructive discharge issue. In its decision, the NLRB relied, for the proposition that the parties had presented the facts relevant to this issue, upon Nevins's statement at the hearing before the ALJ that he recalled testifying before the arbitrator regarding the January 5th incident. The arbitrator's decision, however, made no mention of the January 5th incident, referring in passing only to Nevins's work on January 2nd as a

driver for Browne. Moreover, at the subsequent hearing before the ALJ, Union counsel, who had argued on behalf of Nevins at the arbitration hearing, testified that he did not raise the issue of the January 5th discharge before the arbitrator. He further testified that he could recall nothing regarding the January 5th incident being mentioned at that time. Nevins also testified that his counsel in fact had not raised the issue for resolution at the arbitration and that he himself had not explained to the arbitrator the basis upon which he refused Browne's offer of employment. In light of this testimony and the absence of any reference to those events and issues in the arbitrator's ruling, we find no basis for the NLRB's conclusion that the facts necessary to resolve the constructive discharge issue were before the arbitrator.

We reject the NLRB's contention that Nevins purposely did not raise the issue of the improper offer of employment as a helper before the arbitrator because he wanted to be reinstated only as a driver and therefore should now be barred from challenging the arbitrator's failure to address the issue. First, while Union counsel testified that his failure to raise the issue at the arbitration on behalf of Nevins was based upon his understanding of Nevins's wishes, it is not clear that this in fact was the case. In his initial letter to the Union requesting that a grievance be filed on his behalf, Nevins stated that he wished to be reinstated to his position as a "relief driver and helper." Moreover, at the time of the arbitration hearing, Nevins had already filed the unfair labor practice charges, specifically complaining about the January 5th offer of employment as a helper. Regardless whether Nevins is to blame for not raising the issue before the arbitrator, however, the fact of the matter is that the *Olin* standard for deferral was not satisfied, since the issue was not raised and the facts necessary to resolve the issue were not presented to the arbitrator. Deferral by the NLRB to the arbitrator's ruling as

to this issue, therefore, would constitute an abuse of its administrative discretion.

## III. CONCLUSION

Having determined that the NLRB's standard for deciding whether to defer to a decision of an arbitrator has not been satisfied in this case, we vacate the order for which review is sought and remand the matter to the NLRB for further proceedings consistent with this opinion.