WATER PIPE EXTENSION, Bureau of Engineering, Laborers Local 1092, Petitioners, v. THE CITY OF CHICAGO *et al.*, Respondents.

First District (4th Division)   No. 1—88—3312

Opinion filed November 15, 1990.

Joseph T. Moriarty, of Erbacci, Syracuse & Cerone, Ltd., of Chicago, for petitioners.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Mardell Nereim, Assistant Corporation Counsel, of counsel), for respondent City of Chicago.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Water Pipe Extension, Bureau of Engineering, Laborers Local 1092 (the Union), seeks review of the order of the Illinois Local Labor Relations Board (the Board) that dismissed the Union's charge that the City of Chicago (the City) committed an unfair labor practice in violation of the Illinois Public Labor Relations Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 1601 *et seq.*). The Union alleged that the City committed an unfair labor practice when the City unilaterally reclassified, pursuant to a new City personnel rule, certain members of the Union.

The Board dismissed the Union's unfair labor practice charge because the Board determined that it should defer to an arbitral award wherein it was decided that the City's conduct did not violate the parties' collective bargaining agreement. The Board also determined that dismissal of the Union's unfair labor practice charge was appropriate because the matter was time barred.

We conclude that the Board's deferral to the arbitrator's decision was an abuse of discretion. The Board's decision to defer to the arbitrator's award in the case at bar served to deprive the Union of a hearing on the specific merits and underlying facts of the Union's unfair labor practice claim. We further determine that the Union's unfair labor practice charge was not time barred. Accordingly, we reverse and remand for further proceedings before the Board.

The Union's unfair labor practice claim alleged that the City erroneously led the Union to believe that the City had not applied and would not apply a City personnel rule to the Union's members. This rule, adopted by the City in June 1985 and entitled Rule 26, allows the City to change an employee's job classification without prior notice to or intervention by the Union or the employee, if the City determines that the employee "is not performing a sufficient portion of the duties of [his] class or position and is properly classified in another position." Rule 26 reclassification causes a change in the employee's job title, and results in a loss of wage rates, seniority, membership with a particular union, and related benefits.

The Union alleged that it had been misled by certain representations regarding Rule 26 made by the City during the course of negotiations that culminated in the parties' February 1986 collective bargaining agreement. Specifically, these representations were (1) the City's notification to the Union in July 1985 that Rule 26 would "have no current impact on members of your bargaining unit," and (2) the City's representation to the Union at the bargaining table in January 1986 that the reclassification of material inspectors (hereinafter the material inspector reclassification) had not been undertaken pursuant to Rule 26. The evidence in the record is conflicting with respect to whether the City based the material inspector reclassification on Rule 26. The parties' collective bargaining agreement, executed in February 1986, contains no provision regarding Rule 26's applicability to the Union's members.

The Union filed its unfair labor practice claim in December 1986, after the City notified the Union that certain other members of the Union, holding the position of laborer or laborer foreman, had been reclassified pursuant to Rule 26 (hereinafter the laborer reclassification). The Union also filed a grievance alleging that the City's Rule 26 laborer reclassification violated the parties' collective bargaining agreement.

After the Board filed its unfair labor practice charge, the Board entered an order that postponed its hearing thereon pending arbitration of the Union's contractual grievance (hereinafter the prearbitral

deferral order). The Board's prearbitral deferral order specifically required that the arbitrator consider the Union's unfair labor practice claim, and directed that any material departure would warrant resumption of Board proceedings. Following an evidentiary hearing, the arbitrator concluded that the City's actions did not violate the parties' collective bargaining agreement. The arbitrator declined to render a decision regarding the Union's unfair labor practice charge.

Upon resumption of the Union's unfair labor practice claim before the Board, the Board chose to defer to the arbitrator's disposition of the Union's grievance under the collective bargaining agreement. In its decision to defer to the arbitrator's award, the Board adopted the post-arbitral deferral standards enunciated by the National Labor Relations Board in *Olin Corp.* (1984), 268 N.L.R.B. 573. The Board also determined that the Union's unfair labor practice claim was barred by the six-month limitation stated in the Act. (See Ill. Rev. Stat. 1987, ch. 48, par. 1611(a).) Based upon these determinations, the Board dismissed the Union's unfair labor practice charge. The Union now seeks appellate review of the Board's decision.

■ On appeal, the parties focus much of their argument upon the propriety of the Board's adoption of the post-arbitral deferral standard set forth by the National Labor Relations Board in *Olin Corp.* (1984), 268 N.L.R.B. 573. Under *Olin*, the Board may, in its discretion, defer to the award of an arbitrator where the arbitrator has adequately considered the unfair labor practice charge and the arbitral award is not clearly repugnant to the purposes of the Act. An arbitrator is deemed to have adequately considered the unfair labor practice charge if (1) the contractual issue decided by the arbitrator is factually parallel to the unfair labor practice issue, and (2) the arbitrator was presented generally with the facts relevant to resolving the unfair labor practice charge.

The Union contends that the Board's adoption of *Olin* was an abuse of discretion because the principles of *Olin* conflicted with the Board's prearbitral deferral order and deprived the Union of a hearing on the specific merits and underlying facts of its unfair labor practice claim. We agree.

■ Generally, an administrative agency is empowered to adopt rules and regulations that carry out the goals of the agency's enabling statute. However, the agency's adoption of such rules requires a consistent adherence thereto, and an agency may not apply a modified rule to a party who has had no prior notice thereof and who has detrimentally relied upon the agency's prior rule. See, *e.g., Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92.

■■ The Board's adoption of *Olin* under the facts of this case constituted a deviation from and modification of the Board's prearbitral deferral order. The record shows that the Board's prearbitral deferral order made no reference to the Board's adoption of the post-arbitral deferral standard of *Olin*. In addition, the prearbitral order was inconsistent with the Board's subsequent adoption of *Olin*. The Board's prearbitral order specifically required the arbitrator's consideration of the merits of the Union's unfair labor practice charge as a condition to deferral to the arbitrator's decision. In contrast, *Olin* does not require an arbitrator's resolution of the merits of an unfair practice claim in order to justify deferral to the arbitrator's award. By adopting the standards of *Olin* in its post-arbitral decision, the Board applied a modified deferral standard with no prior notice to the Union that the *Olin* standard would be applicable to the cause.

■■ The record also shows that the Union detrimentally relied upon the Board's prearbitral deferral order and the deferral standard set forth therein. The record indicates that the Union agreed to the terms of the Board's prearbitral deferral order because the Union believed that its terms would ensure the Union a full hearing, before either the arbitrator or the Board, with respect to the specific merits of the Board's unfair labor practice charge. The Union objected to the Board's post-arbitral deferral to the arbitrator's award based upon *Olin*, claiming that adoption of *Olin* would deprive the Union of the full hearing it had anticipated. By deferring to the arbitrator's award in the instant cause based upon the guidelines of *Olin*, the Board deprived the Union of a hearing on the specific merits of its unfair labor practice claim.

■■ The Board's decision to defer to the arbitrator's award under the principles of *Olin* also deprived the Union of a hearing with respect to the underlying facts of the Union's unfair labor practice claim. It has been held that post-arbitral deferral under the *Olin* standard is improper when the arbitrator's award has not made a factual finding with regard to a crucial allegation of the Union's unfair labor practice charge. See *Harberson v. NLRB* (10th Cir. 1987), 810 F.2d 977; see also *Nevins v. NLRB* (2d Cir. 1986), 796 F.2d 14; *cf. Westinghouse Electric Corp. v. NLRB* (7th Cir. 1987), 809 F.2d 419 (NLRB's adoption of ALJ's decision amounted to abuse of discretion where neither ALJ nor Board considered crucial evidence); *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 505-06, 524 N.E.2d 561 (administrative agency's decision is an abuse of discretion when agency "entirely fails to consider an important aspect of the problem").

■ Neither the Board nor the arbitrator made a factual finding with respect to the Union's allegation that the City concealed from the Union, at the bargaining table in January 1986, that the material inspector reclassification had been undertaken by the City pursuant to its Rule 26. The Union argued that this conduct by the City amounted to an unfair labor practice. (See Ill. Rev. Stat. 1987, ch. 48, pars. 1610(a)(1), (a)(4); see also *Water Pipe Extension v. City of Chicago* (1990), 195 Ill. App. 3d 50, 59, 551 N.E.2d 1324, citing *NLRB v. Truitt Manufacturing Co.* (1956), 351 U.S. 149, 100 L. Ed. 1027, 76 S. Ct. 753 ("employer's failure to furnish relevant information to unions during contract negotiations may constitute an unfair labor practice"); *Vienna School District No. 55 v. Illinois Educational Labor Relations Board* (1987), 162 Ill. App. 3d 503, 515 N.E.2d 476 (employer's unilateral action during collective bargaining with respect to mandatory bargaining subject is unfair labor practice).) The Union's allegation was a material factor in its unfair labor practice claim and should have been addressed by the Board.

Given these circumstances, we conclude that it was reversible error for the Board to defer to the arbitrator's award. As a result, we reverse the Board's decision and remand the matter for further proceedings consistent herewith.

Because of the absence of any factual finding with respect to the Union's allegation that the City misrepresented to the Union, during collective bargaining in January 1986, that the material inspector reclassification had not been undertaken pursuant to Rule 26, we do not address the Union's argument that the City's conduct was, in fact, an unfair labor practice. In light of our disposition, we also do not consider the Union's claim that the Board's adoption of *Olin* should be held *per se* arbitrary and capricious in all cases. See *Taylor v. NLRB* (11th Cir. 1986), 786 F.2d 1516 (finding *Olin* standard for post-arbitral deferral arbitrary and capricious); see generally Comment, *Further Convolutions in a Convoluted Policy: Olin, Taylor, and NLRB Deferral to Arbitral Decisions*, 82 Nw. U.L. Rev. 443 (1988).

■ We also note that the Union's unfair labor practice charge was not time barred. It has been held that the time for filing an unfair labor practice charge begins to run when the aggrieved party becomes aware, or should become aware, of a change in personnel policy that is "unambiguously announced." (*Wapella Education Association, IEA-NEA v. Illinois Educational Labor Relations Board* (1988), 177 Ill. App. 3d 153, 168, 531 N.E.2d 1371.) The Union alleged that it did not receive unambiguous notice of the applicability of Rule 26 to its members until December 1986, when the Union was advised that the

laborer reclassification had been instituted pursuant to Rule 26. Consequently, the Union's filing of its unfair labor practice charge in May 1987 was timely and was not barred by the Act's six-month statute of limitations. See Ill. Rev. Stat. 1987, ch. 48, par. 1611(a).

For these reasons, the Board's decision is reversed and the matter remanded for further proceedings.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.