In the Matter of the Arbitration between COUNTY OF SULLIVAN, Appellant, and SULLIVAN COUNTY EMPLOYEES ASSOCIATION, INC., Respondent. [652 NYS2d 371] —Cardona, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 13, 1995 in Sullivan County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner and respondent were parties to a collective bargaining agreement which provided, *inter alia*, for a four-step grievance process. If the dispute remained unresolved, either side had the right to commence an arbitration proceeding. In October 1993, petitioner also entered into a separate agreement concerning other Sullivan County employees which set forth increases in compensation on an annual basis from January 1994 through January 1996. On May 23, 1994, petitioner and respondent's predecessor bargaining unit entered into an agreement which provided for no salary increases for the same three-year period. This agreement also contained a parity clause that if another bargaining unit subsequently negotiated an agreement providing for an increase in wages "or other forms of compensation or improvements in benefits", the increases would apply to the May 23, 1994 agreement. On August 23, 1994, petitioner revised the October 1993 agreement by postponing the set wage increases for 1995 and 1996. The previous wage increases, however, were left intact. This later agreement also added a "no layoff" provision. Respondent filed a grievance claiming that the August 23, 1994 agreement was a "later negotiated agreement" under the parity provision

of the May 23, 1994 contract and, therefore, the wage increases of that agreement should apply to the May 23, 1994 agreement. The grievance was denied and respondent filed a demand for arbitration. Petitioner commenced this proceeding to stay the arbitration. Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that arbitration is improper because the wage dispute does not arise from the express language or intent of the collective bargaining agreement. We disagree. In deciding whether an issue is subject to arbitration, a court must decide whether arbitration of the issue is permitted under the Taylor Law (Civil Service Law art 14) and, if so, whether the parties in fact agreed to such arbitration (*see, Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348, 355). As to the first inquiry, the question here is an increase in wages. Under the Taylor Law, public employers are required to negotiate the terms and conditions of employment (Civil Service Law § 204 [2]; *see, Matter of Board of Educ. v Yonkers Fedn. of Teachers*, 40 NY2d 268, 273). The phrase "terms and conditions of employment" is defined to include salaries and wages (Civil Service Law § 201 [4]). Therefore, the issue is arbitrable.

With regard to the second part of the inquiry, the collective bargaining agreement defines a grievance as "any claimed dispute as to the application or interpretation of this agreement". As Supreme Court noted, this wording is very broad. Although the agreement did not expressly make wage controversies arbitrable, that did not preclude arbitration. In addition, the scope of substantive provisions is a matter of contract interpretation, which is a question for the arbitrator to decide (*see, Board of Educ. v Barni*, 49 NY2d 311, 314).

Petitioner next claims that arbitration should be stayed based upon public policy considerations. Although it is for the court to decide whether enforcing an agreement to arbitrate would violate a strong public policy (*see, Mineola Union Free School Dist. v Mineola Teachers Assn.*, 46 NY2d 568, 571), such a violation must amount to the equivalent of a gross illegality (*see, Matter of Board of Educ. [McGinnis]*, 100 AD2d 330, 333). To bar arbitration, a court must be able to say, without engaging in extended fact-finding or legal analysis, that the agreement, on its face, is precluded by public policy (*see, Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). We do not have that situation in the case before us. Although petitioner contends that parity clauses are illegal, we have determined that such clauses are not per se invalid but require a case-by-case analy-

sis (*see, Matter of City of Schenectady [City Firefighters Union,* 85 AD2d 116, 119). To the extent that petitioner is claiming that the arbitrator's interpretation of the agreement may offend public policy, such a potential does not mandate a stay of arbitration; rather, if that turns out to be the case, the remedy is vacatur (*see, Matter of Board of Educ. [Kmack],* 216 AD2d 718).

Petitioner's remaining arguments have been considered and rejected for lack of merit.

Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.