■ In the Matter of GREECE SUPPORT SERVICE EMPLOYEES ASSOCIATION, NEA/NEW YORK, Appellant, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents. [672 NYS2d 926] —Yesawich Jr., J. Appeal from a judgment of the Supreme

Court (Kane, J.), entered February 28, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that respondent Greece Central School District did not have to pay certain salary adjustments.

In dispute is the proper application of Civil Service Law § 209-a (1) (e)—which prohibits a public employer from refusing to continue the terms of an expired collective bargaining agreement pending negotiation of a new contract—to the salary provisions of an agreement entered into between petitioner and respondent Greece Central School District. This agreement, which covered the period from July 1, 1992 through June 30, 1995, established salary schedules effective July 1, 1992, and further provided that new schedules, utilizing a cost-of-living percentage adjustment, would be developed by the parties to be implemented on July 1, 1993. The agreement itself does not expressly specify the period to be covered by these "new schedules".

On November 20, 1992, in keeping with this provision, the parties executed a memorandum of understanding containing, *inter alia*, "hypothetical" salary schedules for the 1993-1994 and 1994-1995 fiscal years, based on an estimated 3.6% cost-of-living adjustment. When the necessary index data became available, the schedules were recalculated using the actual cost-of-living percentage. After the agreement expired, the District continued to set its employees' wages using the 1994-1995 salary schedules. Although each worker was advanced to a new "step" on the applicable schedule, to reflect his or her current length of service, no further cost-of-living adjustments were made to the schedules themselves.

Contending that the District's failure to recalculate the salary schedules to include a cost-of-living increase for 1995-1996 constituted a violation of Civil Service Law § 209-a (1) (e), petitioner brought an improper practice charge against the District. The matter was submitted to an Administrative Law Judge (hereinafter ALJ) of respondent Public Employment Relations Board (hereinafter PERB) on a stipulated record. The ALJ sustained the charge and the District sought review by the entire PERB panel, which reversed the ALJ's decision. In arriving at its decision, the panel found that the agreement, considered together with the memorandum of understanding, evinced the parties' clear intent that the cost-of-living adjustment was to be used in calculating the salary schedules applicable during the term of the agreement, but not thereafter.

Petitioner then commenced this proceeding seeking annulment of PERB's determination as arbitrary, capricious and affected by legal error, in that it was contrary to the plain language of the parties' agreement. Supreme Court dismissed the petition, finding the determination supported by a rational basis, and petitioner appeals.

We affirm. Inasmuch as the questions posed, involving the interpretation of a collective bargaining agreement and the application of the Civil Service Law to that agreement, are within the area of PERB's expertise and specifically delegated authority (*see,* Civil Service Law § 205 [5] [d]), its decision is entitled to substantial deference (*see, Matter of Rosen v Public Empl. Relations Bd.,* 72 NY2d 42, 47; *Matter of Mohawk Val. Nursing Home v New York State Pub. Empl. Relations Bd.,* 185 AD2d 6, 8), and is to be upheld if it is "reasonable and legally permissible" (*Matter of State of New York [State Univ. of N. Y.] v New York State Pub. Empl. Relations Bd.,* 181 AD2d 391, 395). Given this standard of review, we are not persuaded that Supreme Court erred in sustaining PERB's determination.

Petitioner contends that PERB's reliance on its previous decision in *Matter of Waterford Teachers Assn.* (27 PERB ¶ 3070) was misplaced, because the agreement at issue here, unlike that in *Waterford (supra),* did not specifically state the years for which the cost-of-living adjustment was to be applied. We disagree. As PERB rationally concluded in *Waterford,* an intent to limit the duration of a contract term need not be expressly spelled out, but may be inferred from the nature of the provision and the agreement as a whole (*id.,* at 3160). Here, the clause entitled "Salary Schedule Movement", which obligated the parties to develop new schedules for implementation on July 1, 1993, states that *those* schedules are to be adjusted by the "[c]ost of [l]iving [c]alculation defined below". When the relevant contractual terms are considered together, it is not unreasonable to conclude that the cost-of-living calculation was meant to be used in establishing the schedules referred to in the preceding paragraph, not to provide an independent right to an annual, inflation-driven salary adjustment. Under these circumstances, Civil Service Law § 209-a (1) (e) does not mandate that further adjustment be made to the schedules after the contract expires, only that employees continue to advance on those schedules in keeping with any changes in their length of service and similar criteria (*see, Matter of Cobleskill Cent. School Dist. v Newman,* 105 AD2d 564, 565, *lv dismissed and lv denied* 64 NY2d 1071).

Mikoll, J. P., Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.