■ In the Matter of the Arbitration between SCHUYLER COUNTY, Respondent, and SCHUYLER COUNTY HIGHWAY UNIT, LOCAL 849, UNIT 8600, AFSCME, CSEA LOCAL 1000, Appellant. [915 NYS2d 754]—

Stein, J. Appeal from an order of the Supreme Court (Argetsinger, J.), entered July 29, 2010 in Schuyler County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

The parties entered into a collective bargaining agreement (hereinafter CBA) for the years 2006-2009 that provided for a four-step grievance process, the third being advisory arbitration. The CBA's compensation provisions included a clause specifying that employees would receive wage step increases every year, with the steps defined in a wage schedule showing

the effect that annual base wage increases from 2006-2009 would have on them. A successor agreement was not entered into in a timely fashion, and petitioner declined to grant employees step increases in 2010, arguing that the increases were not intended to continue beyond the term of the CBA. Respondent filed a grievance and, upon its denial, demanded arbitration. Petitioner responded by commencing this proceeding to stay arbitration. Supreme Court granted the petition, and respondent now appeals.

We reverse. In performing its limited function of assessing whether a stay of arbitration is appropriate, a court must first determine if "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *accord Matter of Peters v Union-Endicott Cent. School Dist.*, 77 AD3d 1236, 1238 [2010]). If there is not, the CBA must be assessed "to determine if the parties have agreed to arbitrate the dispute at issue" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 278; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 140 [1999]).

The question here is whether the step increase provision of the CBA continued upon that agreement's expiration and, in that regard, Civil Service Law § 209-a (1) (e) provides that an expired CBA's provisions will continue until a new agreement is negotiated unless those provisions create "rights which by their very terms were intended to expire with the agreement" (*Matter of Local Union 1342 of Amalgamated Tr. Union v Niagara Frontier Tr. Metro Sys.*, 183 AD2d 355, 359 [1992], *lv denied* 81 NY2d 710 [1993]; *see Matter of Greece Support Serv. Empls. Assn., NEA/N.Y. v Public Empl. Relations Bd.*, 250 AD2d 980, 981-982 [1998]). No law or policy prevents the parties from submitting a question of contract interpretation regarding wages to arbitration, and such an issue—namely, whether the CBA's language evinces an intent to "sunset" the step increase provision—is presented here (*see Matter of County of Sullivan [Sullivan County Empls. Assn.]*, 235 AD2d 748, 749 [1997]; *Matter of Willink v Webster Teachers Assn.*, 81 AD2d 1008, 1009 [1981]; *see e.g. Matter of Cobleskill Cent. School Dist. v Newman*, 105 AD2d 564, 565 [1984], *lvs dismissed and denied* 64 NY2d 610, 1071 [1985]).

Turning to whether the parties agreed to arbitrate the present dispute, a grievance is defined in the CBA to include any "dispute or controversy . . . arising out of the application or interpretation of" it, which undoubtedly encompasses the present

dispute. To the extent that petitioner argues that an arbitration award interpreting the CBA in such a way as to require postexpiration step increases would be violative of public policy, we need only note that "such a potential does not mandate a stay of arbitration; rather, if that turns out to be the case, the remedy is vacatur" (*Matter of County of Sullivan [Sullivan County Empls. Assn.]*, 235 AD2d at 750). Thus, Supreme Court erred in granting petitioner's application.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.